IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ADILENE SUAREZ-RANGEL, | § | |
| ID # 56107-177, | § | |
| Movant, | § | |
| | § | |
| vs. | § | No. 3:19-CV-2686-B-BH |
| | § | No. 3:17-CR-341-B(13) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Before the Court is the *Motion to Dismiss under 28 U.S.C. Section 2255 Without Prejudice*, received on June 18, 2020 (doc. 9). Based on the relevant filings and applicable law, the motion should be **GRANTED**, and this habeas action should be dismissed.

**I. BACKGROUND**

Federal prisoner Adilene Suarez-Rangel (Movant) filed a motion to vacate under 28 U.S.C. § 2255 challenging her federal conviction and sentence in case No. 3:17-CR-341-B that was received on November 4, 2019. (*See* doc. 2.) The respondent is the United States of America (Government). (*Id.*) The Government was ordered to respond to the motion, and after obtaining an extension, it filed its answer on January 27, 2020. (*See* docs. 7, 8.) Movant did not file a reply. After the briefing was complete, Movant moved to dismiss her § 2255 motion without prejudice and sought appointment of counsel to assist her in refiling it correctly. (*See* doc. 9.)

By order dated June 22, 2020, Movant's request for appointment of counsel was denied. (*See* doc. 10 at 3-4.) The Government was ordered to file a response to the motion for voluntary

---

[1] By *Special Order No. 3-251*, this case has been automatically referred for findings, conclusions, and recommendation.

dismissal within 21 days, stating whether it consented to voluntary dismissal of the § 2255 motion under Fed. R. Civ. P. 41(a)(1)(A)(ii). (*See id.* at 2.) Pending that response, Movant was expressly cautioned that if she chose to voluntarily dismiss her § 2255 motion, any future § 2255 motion might be barred by the statute of limitations. (*See id.* at 2-3.) She was specifically advised that if she decided not to withdraw her § 2255 motion, she must file a notice within 21 days stating that she was seeking to proceed with her current motion. (*See id.*)

On July 10, 2020, the Government responded that it was unopposed to voluntary dismissal of the § 2255 motion. (*See* doc. 11.) As of this date, Movant has not filed a notice advising that she decided to proceed with her current § 2255 motion, or anything else.

## II.  VOLUNTARY DISMISSAL

Movant moves to dismiss her § 2255 motion without prejudice so that she may refile it with the assistance of counsel. Her motion is construed as arising under Fed. R. Civ. P. 41(a).

**A.**     <u>**Rule 41(a)(1)**</u>

Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure provides that a plaintiff may dismiss her action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. This right to voluntarily dismiss an action before the filing of an answer or summary judgment motion is "absolute and unconditional" and may not be "extinguished or circumscribed by adversary or court." *Int'l Driver Training Inc. v. J-BJRD Inc.*, 202 F. App'x 714, 715-16 (5th Cir. 2006) (quoting 8 James W. Moore et al., Moore's Federal Practice, § 41.33[2], at 41-48 (Matthew Bender 3d ed. 2006) and *Am. Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963)). A notice of voluntary dismissal under this rule is "self-executing", and no further court action is required. *Id.*

Here, the Government had filed an answer to the § 2255 motion at the time Movant sought

to dismiss it. Once the opposing party has served either an answer or a motion for summary judgment, the moving party may only voluntarily dismiss her action without a court order by filing a stipulation of dismissal signed by all parties who have appeared. Fed. R. Civ. P. 41(a)(1)(A)(ii).

On July 10, 2020, the Government filed a notice stating that it did not oppose the dismissal of Movant's § 2255 motion. Because it consents to voluntary dismissal of the § 2255 motion, the Government's response may be construed as a stipulation under Fed. R. Civ. 41(a)(1)(A)(ii). Stipulated dismissals under Fed. R. Civ. 41(a)(1)(A)(ii) "require no judicial action or approval and are effective automatically upon filing." *Yesh Music v. Lakewood Church*, 727 F.3d 356, 362 (5th Cir. 2013); *see also SmallBizPros, Inc. v. MacDonald,* 618 F. 3d 458, 461-64 (5th Cir. 2010). Movant may therefore be deemed to have voluntarily dismissed this action.

**B.     Rule 41(a)(2)**

The Government specifically invokes Rule 41(a)(2). (*See* doc. 11.)

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that after a defendant files either an answer or a motion for summary judgment, except as provided in Rule 41(a)(1), an action may be dismissed on the plaintiff's request only by court order on terms it considers proper. Fed. R. Civ. P. 41(a)(2); *In re FEMA Trailer Formaldahyde Products Liability*, 628 F.3d 157, 162 (5th Cir. 2010); *Hyde v. Hoffmann-La Roche, Inc.*, 511 F.3d 506, 509 (5th Cir. 2007); *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 320 (5th Cir. 2002). The decision whether an action should be dismissed under Rule 41(a)(2) is within the sound discretion of the court. *Schwarz v. Folloder*, 767 F.2d 125, 129 (5th Cir. 1985) (citing *La-Tex Supply Co. v. Fruehauf Trailer Division*, 444 F.2d 1366, 1368 (5th Cir. 1971)). Notwithstanding this discretion, voluntary dismissals "should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor*, 279 F.3d at 317 (citing *Manshack v. Southwestern Elec.*

3

*Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990)).  The primary consideration is whether the non-movant would be prejudiced or unfairly affected.  *Id.* at 317-18.  Courts have found plain legal prejudice when the plaintiff moves to dismiss the case at a late stage of the proceedings after the parties have exerted significant time and effort, the plaintiff seeks to avoid an imminent adverse ruling, or if dismissal would cause the defendant to be stripped of an otherwise available defense if the case were to be re-filed.  *See In re FEMA Trailer Formaldahyde Products Liab. Litig.*, 628 F.3d at 162-63; *Hartford Acc. & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 360 (5th Cir. 1990).

Rule 41(a)(2) applies in the context of federal habeas proceedings, and the primary consideration is the same as for non-habeas cases, i.e., whether the non-movant will be prejudiced. *See Kramer v. Butler*, 845 F.2d 1291, 1294-95 (5th Cir. 1988).  In *Kramer,* the petitioner sought to voluntarily dismiss his habeas petition without prejudice in order to exhaust a new claim, alleging that amendment of his current petition to add the claim would result in a dismissal for failure to exhaust, and that a subsequent petition concerning the new claim would be dismissed as an abuse of the writ.  *Id*.  The Fifth Circuit found that the district court did not abuse its discretion in denying the motion on grounds of prejudice to the government where it had filed its answer, an evidentiary hearing had been held, all that remained was for the magistrate judge to issue his findings and recommendation, the new claim was apparent from the face of the state record already before the court, and the petitioner had filed a previous federal habeas petition.  *Id.* at 1295; *see also United States v. Lanfranca*, 24 F.3d 237, *1 (5th Cir. May 18, 1994) (holding that the district court had not abused its discretion in denying a motion to withdraw a § 2255 motion because it was filed over three months after the § 2255 motion was filed, over one month after the government had responded, and only one day before it was denied by the court).

4

As noted, the Government does not oppose voluntary dismissal, as required to invoke Rule 41(a)(2). Although the § 2255 motion had been ripe for decision for four months at the time that Movant sought to dismiss it, no evidentiary hearing has been scheduled. The Government concedes that the only prejudice it faces is "the 'mere prospect' of responding in substance to another Section 2255 motion that will, in all likelihood, be time barred." (*See* doc. 11.) There is no apparent reason to deny the motion to dismiss. Movant has been duly cautioned that any future § 2255 motion could be time-barred, and she has been given (and apparently declined) an opportunity to withdraw her motion to dismiss. It appears to be her clear intent to dismiss this action, so her motion should be freely granted. *See Pichardo-Escoto v. United States*, No. 7:16-CV-25, 2017 WL 1629166, at * 2 n. 4 (S.D. Tex. Mar. 7, 2017) (noting that any future § 2255 motion would be time-barred but recommending that the motion to voluntarily dismiss the habeas action be granted because the motion to dismiss reflected the movant's "clear intentions"), *adopting report and recommendation*, 2017 WL 1653584 (S.D. Tex. Apr. 29, 2017).

One court has found that there is no duty to warn a movant seeking to voluntarily dismiss a § 2255 motion under Rule 41(a) that a future § 2255 motion may be time-barred. *United States v. Tamfu*, Nos. 3:99-CR-279-P(01), 3:01-CV-1719-P, 2002 WL 31452410, at *7 (N.D. Tex. Oct. 5, 2002). Nevertheless, Movant is again cautioned that 28 U.S.C. § 2255 "establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 356 (2005).[2] **Any future § 2255**

---

[2]It states that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;

**motion may be barred by the statute of limitations if she chooses to voluntarily dismiss her current § 2255 motion**.  The fourteen-day period for filing objections to this recommendation will provide her an additional opportunity to withdraw her motion to dismiss and proceed with her current § 2255 motion.

### III. RECOMMENDATION

The motion to voluntarily dismiss the motion to vacate sentence under 28 U.S.C. § 2255 should be **GRANTED**, unless the movant objects to this recommendation and seeks to proceed with her current § 2255 motion within the fourteen-day objection period, or by some other deadline set by the court.

**SO RECOMMENDED** on this 17th day of August, 2020.



IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE